UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
AUG 1 8 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

MARY LOUISE GOGAN,

Plaintiff,

v.

25-CV-288 (JLS) (LGF)

THE TOWN OF WEST SENECA;
GARY A. DICKSON, *as Supervisor of the Town of West Seneca*;
CODE ENFORCEMENT OFFICE OF THE TOWN OF WEST SENECA;
ERIC LABRIE, *Senior Engineering Assistant and acting Code Enforcement Officer of the Town of West Seneca*,

Defendants.

## DECISION AND ORDER

Plaintiff Mary Gogan commenced this action in New York State Supreme Court on March 6, 2025. Dkt. 1-1. Gogan asserts claims under 42 U.S.C. § 1983, for violations of her rights under the Fourth Amendment, and various state law claims against Defendants. *Id.* On April 1, 2025, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 based on Gogan's Fourth Amendment claim. Dkt. 1. The Court referred the action to Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

Defendants moved to dismiss Gogan's complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. Gogan opposed Defendants' motion, Dkt. 9, and

Defendants replied. Dkt. 11. On March 13, 2026, Judge Foschio issued a Report & Recommendation ("R&R") that recommended: (1) remanding Gogan's first cause of action and state law claims to New York Supreme Court, Erie County; or, in the alternative, (2) granting Defendants' motion (Dkt. 6) with prejudice as to Gogan's first cause of action and remanding her state law claims to New York Supreme Court, Erie County. *See* Dkt. 12.

Gogan objects to the R&R, arguing, among other things, that the R&R incorrectly recommended: "(1) that the first cause of action [for the alleged Fourth Amendment violation] should be dismissed for lack of Article III standing/subject matter jurisdiction; [and] (2) that if not dismissed for standing, the first cause of action should be dismissed for failure to state a cause of action." Dkt. 13 at 2.[1] Defendants opposed Gogan's objections, Dkt. 21, and Gogan filed a reply. Dkt. 24.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

For the following reasons, the Court rejects the portion of Judge Foschio's R&R recommending remand for lack of standing, and otherwise accepts and adopts the R&R's alternative recommendation.

## DISCUSSION

The R&R recommends that this Court remand the action back to state court, reasoning that Gogan's first cause of action failed to allege standing properly in a civil rights action for alleged violations of her Fourth Amendment rights. Dkt. 12 at 36. The R&R recites Article III standing analysis. *Id.* at 9. That is, a plaintiff must allege plausibly that (1) she suffered an injury in fact; (2) that is fairly traceable to a defendant's conduct at issue; and (3) that is likely to be redressed by a judicial decision. *See id.* (citing *216 E. 29th St. Tr. v. City of New York*, No. 24-CV-00595 (ER), 2025 WL 315380, at *10 (S.D.N.Y. Jan. 28, 2025); *Wirth v. City of Rochester*, No. 17-CV-6347-FPG, 2020 WL 5814417, at *4 (W.D.N.Y. Sept. 30, 2020) (both holding that the plaintiffs lacked standing to bring a Fourth Amendment claim where defendants had not yet conducted any search)).

The facts in Gogan's complaint, however, do allege that a search occurred—albeit one pursuant to an administrative warrant. Dkt. 1-1 ¶23. And the complaint further alleges that the search caused Gogan to suffer "extreme embarrassment, anxiety[,] and emotional distress," which are sufficient allegations that she suffered

an "injury in fact," rather than a mere "injury in law." *See id.* ¶¶23-29; Dkt. 12 at 6-7.[2]

The Supreme Court has held that "Fourth Amendment rights are personal in nature" and the "definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing." *Rakas v. Illinois*, 439 U.S. 128, 140 (1978) (citation modified).[3] More recently, the Supreme Court explained:

> The concept of standing in Fourth Amendment cases can be a useful shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search; but it should not be confused with Article III standing, which is jurisdictional and must be assessed before reaching the merits.

*Byrd v. United States*, 584 U.S. 395, 410-11 (2018). And "[b]ecause Fourth Amendment standing is subsumed under substantive Fourth Amendment doctrine, it is not a jurisdictional question and hence need not be addressed before addressing other aspects of the merits of a Fourth Amendment claim." *Id.* at 411.

---

[2] To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

[3] *See also Payton v. New York*, 445 U.S. 573, 585 (1980) ("The physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.").

Here, Gogan alleges that two West Seneca police officers executed a warrant at Plaintiff's residence on or about March 5, 2024. Dkt. 1-1 ¶23. Gogan also alleges that the warrant was referred to as an "administrative warrant" and that "[n]either New York State nor the Town of West Seneca has a specific statute pertaining to 'administrative warrants' and the requirements thereof." *Id.* ¶ 27. Accordingly, she has alleged enough facts to confer Article III standing pursuant to Fourth Amendment jurisprudence.[4] *See Byrd,* 584 U.S. at 411; *Groh v. Ramirez*, 540 U.S. 551 (2004) (adjudicating the merits of a Fourth Amendment challenge to the execution of a facially deficient warrant without suggesting that the existence of the warrant affected the plaintiff's Article III standing).

For these reasons, the Court rejects the R&R's recommendation to remand Gogan's First Cause of Action for lack of standing. Dkt. 12 at 11-12; 28 U.S.C. § 636(b)(1)(C).

---

[4] The Supreme Court has explained that "Article III requires a plaintiff to first answer a basic question: 'What's it to you?'" *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (2024) (quoting A. Scalia, The Doctrine of Standing as an Essential Element of the Separation of Powers, 17 Suffolk U. L. Rev. 881, 882 (1983); *see also Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 109 (2025). Gogan has alleged two interests with respect to her rights under the Fourth Amendment: (1) the physical entry into her home pursuant to an improper warrant, and (2) the summons and penalties she faced for not consenting to the search. *See* Dkt. 24 at 10. These allegations reveal a case or controversy under Article III.

The Court has carefully reviewed the remainder of the R&R, [5] the relevant record, and Gogan's objections. Based on its *de novo* review, the Court accepts and adopts Judge Foschio's recommended disposition with respect to Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the reasons above and in the R&R, Defendants' [6] 12(b)(6) motion to dismiss is GRANTED. As a result, the first cause of action in the complaint is DISMISSED on the merits, without leave to amend, and the Court declines to exercise supplemental jurisdiction over Gogan's state law claims.[6] The state law claims are remanded to New York Supreme Court, Erie County. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 18, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

[5] The R&R recommends that, if this Court were to determine that there is standing for Gogan's Fourth Amendment claim, it should nonetheless dismiss the Fourth Amendment claim for failure to state a claim and decline to exercise supplemental jurisdiction over her remaining state law claims. Dkt. 12 at 12.

[6] A district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Anne Grand'Maison, M.D. v. Roswell Park Comprehensive Cancer Ctr.*, No. 23-CV-99 (JLS) (MJR), 2026 WL 1805655, at *1 (W.D.N.Y. June 22, 2026) (declining to exercise supplemental jurisdiction over the plaintiff's remaining state law claims and dismissing them without prejudice).